MR. JUSTICE SHEEHY,
dissenting:
In Hamlet’s soliloquy, one of the “whips and scorns” which led the great Dane to consider whether death was better than life was “the insolence of office.” In those few words, the Bard managed to express the aggravations and futilities pressed on any of us when public officials vent their sour stomachs in performing their duties. The authority to wear a badge or to wield a pen in power over others seems to fuel in us a sense of mastery, and not of service. It is a common failing, and all of us public servants succumb to it at some point.
It is an insolence of office in us to disregard the rule of iaw applicable to a summary judgment in this case. That rule is that a summary judgment does not lie where there are genuine issues of material fact.
This Court assumes without question that the version of incidents propounded by the public officers in this case is the only version. It ignores the opposite version posed by the plaintiff, that he went to a public building to renew his driver’s license; that his Social Security number was demanded; that he later produced proof of insurance but that the examiner refused to issue him a license that day, and told him to return on the following Monday; and that the examiner called the police and had him arrested; that the charges against him were disorderly conduct and criminal trespass; and that both of these charges were later dismissed. In short, he went to a public building for a driver’s license and wound up handcuffed and led off to the police station.
The real question in this case is whether there was probable cause for Wright’s arrest. If his arrest was groundless, he has a cause of *329 action against the perpetrators. Neither the District Court nor this Court addresses that question. The deposition testimony of Rena Knapp is strong evidence that his arrest was groundless. She describes how the examiner (without any authority to do so) told Wright not to return for his license that day.
When Wright returned, with his proof of insurance, the examiner immediately, without exchanging a word with Wright, telephoned for the police. Rena Knapp describes the interval until the policeman came as no shouting and no threatening by Wright. When the policeman came and asked what the problem was, the examiner said that Wright had been asked to leave, and would not, and that the examiner wanted Wright out of the office; “that he would no longer be helped that day.” There appears no justification for refusal to help Wright on that day, since he had paid for his license, successfully taken the written exam, and had insurance papers which entitled him to a test drive. For reasons of his own, it appears the patrolman was punishing Wright. Without any struggle or tumult, Wright was handcuffed and taken out of a public building where he had a right to be, and groundlessly charged with crimes.
There are in this case genuine issues of material fact, and summary judgment was improper. I would reverse.